988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Hugh MORRISON, Plaintiff-Appellant,
v.
Fred B. PEARCE; Carl Zenon; F.R. Berkshire, Defendants-Appellees.
 No. 91-36259.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-91-06160-MRH; Michael R. Hogan, District Judge, Presiding.
 D.Or.
 APPEAL DISMISSED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Hugh Morrison, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Morrison's 42 U.S.C. § 1983 action. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 The district court entered its order granting summary judgment on October 28, 1991. On November 12, 1991, Morrison filed a motion for new trial pursuant to Fed.R.Civ.P. 59(a). On November 22, 1991, Morrison filed a notice of appeal from the October 28 judgment. On January 13, 1992, the district court denied Morrison's motion for new trial.
 
 
 4
 Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that:
 
 
 5
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect.
 
 
 6
 Fed.R.App.P. 4(a)(4) (emphasis added). "A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion." Id.; see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982) (per curiam); Colville Confederated Tribes v. Walton, 752 F.2d 397, 400 (9th Cir.1985), cert. denied, 475 U.S. 1010 (1986).
 
 
 7
 Morrison's motion for new trial was timely under Rule 59 because Morrison served it on November 3, 1991, 6 days after entry of the summary judgment order. See Fed.R.Civ.P. 59(b) ("[a] motion for new trial shall be served not later than 10 days after the entry of the judgment"). Thus, Morrison's notice of appeal had no effect because Morrison filed it before the district court disposed of his motion. See Fed.R.App.P. 4(a)(4); Griggs, 459 U.S. at 60-61; Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir.1988). Morrison did not file a new notice of appeal following the district court's denial of his motion. Moreover, the time for filing the notice of appeal has expired. See Fed.R.App.P. 4(a)(1) & (4). Accordingly, because a timely notice of appeal is a jurisdictional prerequisite, see Munden, 849 F.2d at 386, we dismiss this appeal for lack of jurisdiction.
 
 DISMISSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Morrison's motion for new trial could also be construed as a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. Even so, the result here is the same. See Griggs, 459 U.S. at 60-61